## In re HORMEL
### Patent Appeal No. 2935.

Court of Customs and Patent Appeals.
March 28, 1932.

BLAND, Associate Judge, dissenting.

Comfort S. Butler and Cromwell, Greist & Warden, all of Chicago, Ill. (Earle D. Crammond, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This case involves an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming the decision of the Examiner rejecting an application for a design patent upon a "packing and display container," used by appellant primarily in the packaging of food products, particularly poultry canned whole or in halves.

The following is a description of the container taken from the opinion of the Board of Appeals: "The can as shown in the drawing consists of two flat, parallel sides, the lower edge of each side being substantially straight and a portion of the upper edge being parallel to the lower edge, and the remaining portion being inclined toward the lower edge. The shape of the container appears to lend itself particularly to receive the carcass of a chicken."

The references relied upon are: Design—Kinney, 22,270, March 7, 1893; design—Ferguson, 43,528, February 11, 1913; design—Wright, 43,295, November 26, 1912.

The rejection was based upon the holding, as expressed by the Board, that: " * * * the distinctions in applicant's design over the can disclosed in the patent to Kinney are not of sufficient ornamental distinctiveness, especially in view of the design patents to Ferguson and Wright, to warrant the granting of a design patent to applicant."

The Kinney patent is for a design of a receptacle having flat, straight ends and a curvature of sides which gives it an oval appearance when viewed from the ends.

The respective patents to Ferguson and Wright are for designs of casings for vacuum and pneumatic cleaners of types which have become familiar, being widely used in households throughout the country. There is some

slight suggestiveness of similarity in shape between one side of said casings and a side of appellant's receptacle, but the contours of the entire bodies of the respective devices do not impress us that such resemblance is very striking.

Also we are of opinion that the resemblance between the Kinney device and that of applicant is too remote to justify a rejection of patent upon the latter based upon the former.

The brief of the Solicitor for the Patent Office very accurately says: "That a design is not ornamental can not well be established by argument but only by a careful inspection of the design."

The contrary of this is likewise true.

In Gorham Co. v. White, 14 Wall. (81 U. S.) 511, 525, 20 L. Ed. 731, the Supreme Court of the United States said: "* * * It is the appearance itself * * * that constitutes mainly, if not entirely, the contribution to the public which the law deems worthy of recompense."

No question is raised as to the object of manufacture—the container here involved—being a proper subject for ornamental design, and it is our conclusion that the references relied upon by the tribunals of the Patent Office do not bear a sufficiently close resemblance to the design of appellant to anticipate same. Furthermore, we are of the opinion that the conception and execution of the design involved invention, and that there is about it sufficient of novelty and ornamentation to justify granting patent.

Accordingly the decision of the Board of Appeals is reversed.

Reversed.

BLAND, Associate Judge, dissents.